IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH DANIEL PIRESTANI, | § | |
| | § | No. 425, 2016 |
| Cross-Petitioner Below, | § | |
| Appellant, | § | Court Below—Court of Chancery of |
| | § | the State of Delaware |
| v. | § | |
| | § | C.A. No. 17950-N |
| KEVIN J. REAGAN, | § | |
| | § | |
| Cross-Petitioner Below, | § | |
| Appellee, | § | |
| | § | |
| and | § | |
| | § | |
| ATTORNEY AD LITEM, | § | |
| | § | |
| Appellee. | § | |

Submitted: August 25, 2017
Decided: October 12, 2017

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## ORDER

This 12th day of October 2017, after carefully considering the parties' briefs

arguing their cross-petitions for guardianship of the person and property of Donna

Palmer, a disabled person,[1] the brief filed by the attorney *ad litem*, who was

appointed in the Court of Chancery, and the record on appeal, we have concluded

that the decision on appeal should be affirmed on the basis of, and for the reasons

---

[1] The Court has assigned a pseudonym to protect the confidentiality of the disabled person. Del. Supr. Ct. R. 7(d).

assigned in, the Court of Chancery's July 18, 2016 Order Adopting Master's Report and July 28, 2016 Order Regarding Adoption of Master's Report. The record does not support the appellant's claims that the Court of Chancery erred when deciding that the appointment of the appellee, Kevin Reagan, as permanent guardian, was in the best interests of Mrs. Palmer. When adopting the Master's well-reasoned Final Report dated February 12, 2016, the Court of Chancery correctly applied the standard of review articulated in *DiGiacobbe v. Sestak*.[2] The Court of Chancery's orders of July 18, 2016 and July 28, 2016 reflect a thorough review of the matter, careful legal analysis, proper application of the law, and no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[2] *DiGiacobbe v. Sestak,* 743 A.2d 180, 183–84 (Del.1999) ("[T]he standard of review for a master's findings—both factual and legal—is *de novo*.").